IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEANNA M. WAYNE ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 05-271Erie |
| ) | District Judge McLaughlin |
| CHILDCARE INFORMATION ) | Magistrate Judge Baxter |
| SERVICES OF ERIE COUNTY, et al. ) | |
| Defendants. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss and motion to strike filed by Defendant Monarch Properties Corporation [Document # 6] be granted in part and denied in part. Specifically, the motion to dismiss should be denied and the motion to strike should be granted.

Additionally, by separate Order filed this day, Plaintiff's motion to amend [Document # 10] is denied.

**II.    REPORT**

    **A.    Procedural History**

On September 20, 2005, Defendant Erie County Office of Children & Youth removed this matter from the Court of Common Pleas of Erie County, Pennsylvania. In her complaint, Plaintiff alleges that Defendants Child Care Information Services of Erie County, Erie County Office of Children & Youth, the County of Erie, and Monarch Properties Corporation (hereafter, "MPC") are liable to her under Title III[1] of the Americans with Disabilities Act, as well as

---

[1] Title III of the ADA governs disability discrimination in public accommodations and services operated by private entities. See 42 U.S.C. § 12182(a); Sandison v. Michigan High School Athletic Ass'n, 64 F.3d 1026 (6th Cir. 1995).

under principles of common law negligence.  Plaintiff seeks both compensatory and injunctive relief.  On August 5, 2003, Plaintiff allegedly arrived at a parking garage of the subject property and used a wheelchair ramp as directed by a representative of Defendant Child Care Information Services (hereinafter, "CCIS").  Plaintiff alleges that the front wheels of her wheelchair became lodged in the metal drainage grate at the bottom of the ramp and that as she struggled to free herself from the grate, she was ejected from her wheelchair thereby sustaining physical injuries.

Presently pending before this Court is Defendant Monarch Properties Corporation's (hereinafter, "MPC") motion to dismiss for failure to state a claim upon which relief may be granted and motion to strike.

**B.    The Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319

(1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  Under this "notice pleading," the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

### C. The Claims against Defendant MPC

As to Defendant MPC, Plaintiff alleges:

26. Pursuant to Title III of the ADA and its implementing regulations, including 28 C.F.R. § 36.201, the MPC is prohibited from discriminating against any individual 'on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations' of the Subject Premises, since they are an entity who owns and leases out the Subject Premises, a public accommodation.

27. The Subject Premises is a public accommodation under 42 U.S.C. § 12181 because it houses, inter alia, a professional office of a service establishment and a social service center establishment and the operation of such entities affect commerce.

28. MPC, as the owner and landlord of the Subject Premises that houses a place of public accommodation, is subject to the requirement of Title III, 28 C.F.R. § 36.201.

29. In violation of Title III of the ADA and its implementing regulations, MPC has permitted the accessible route to the Subject Premises, including the ramp and grating, to be installed and/or to remain installed in a way that fails [sic] meet the specifications and measurements set forth in the ADAAG and has failed to correct the ramp and grating which were improperly installed.

30. As a result of these failures, MPC has discriminated against Wayne on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Subject Premises.

* * *

51. NTC[2] has failed to install, repair and/or maintain the subject accessible route, including the ramp and the drainage grating as is required by 28 C.F.R. § 35.151 and the measurements and standards set forth in Section 4.5 and 4.8 of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36, Appendix A, as follows:

   a. the running slope of the subject ramp is greater than the maximum allowable slope of 8.33%;

---

[2] This Court will presume that this is a typographical error and should read MPC.

    b. the cross slope of the subject curb ramp is greater than the maximum allowable slope of 2.08%;

    c. the least possible slope was not used in constructing the ramp;

    d. the grating, which is located in a walking surface, has spaces between its cross members that are greater than the maximum allowable spaces of one-half inch wide; and

    e. though the grating has elongated spaces, it was not constructed so that the long dimension was perpendicular to the dominant direct of travel, instead it was placed parallel to the direction of travel.

52. At the time of the installation of the ramp and grating and thereafter, MPC knew, or with the exercise of reasonable care, should have known of the various violations of the ADA described above.

53. Despite this prior notice, IVIPC[3] has deliberately failed and/or refused to repair, correct or reinstall the ramp and grating and to ensure individuals with disabilities full and equal enjoyment of the goods, services, facilities, privileges and accommodations of the Subject Premises.

54. WC's[4] conduct as set forth above constitutes a violation of Title II[5] of the ADA in that Wayne has been denied the full and equal enjoyment of the goods, services, facilities, privileges and accommodations of the Subject Premises as a result of the defective ramp and grating.

Document # 1.

  **D. Motion to dismiss the ADA claim**

  Defendant MPC moves to dismiss the ADA claim against it arguing that Plaintiff has failed to set forth a cause of action under the ADA because Plaintiff has not alleged that the subject property was constructed or altered after January 26, 1992 and Plaintiff has not alleged that the subject property lacked accessible use by individuals with disabilities.  Document # 4.

  Title III of the ADA requires places of public accommodation to make reasonable modifications necessary to afford access to disabled persons, "unless doing so would

---

[3] Again, presumably this a typographical error and should read MPC.

[4] Again, presumably a typographical error that should read MPC.

[5] Presumably, Plaintiff intends to indicate Title III of the ADA.

fundamentally alter what is being offered." PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 & n. 37 (2001), citing 42 U.S.C. § 12182(b)(2)(A)(ii).  The ADA provides, in relevant part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The implementing regulations provide that discrimination is prohibited by any private entity that owns, leases (or leases to) or operates a place of public accommodation, 28 C.F.R. § 36.201(a); Emerson v. Theil College, 296 F.3d 184 (3d Cir. 2002).  The statute makes clear that both the landlord who owns the building that houses a place of public accommodation and a tenant who operates a place of public accommodation are subject to the requirements set forth in Title III and its implementing regulations.

Not all of the implementing regulations of the ADA require a plaintiff to plead construction or alteration after a specific date.  See 28 C.F.R. § 36.304(b) and (d).  Therefore, Plaintiff has sufficiently pled her allegations to comport with the "short and plain statement" provision of Fed.R.Civ.P. 8.  Defendant MPC's motion to dismiss should be denied in this regard.

Further, Defendant MPC argues that Plaintiff has not pled that the subject property is inaccessible by individuals with disabilities.  This Court disagrees.  A review of the allegations in the complaint reveals Plaintiff has adequately alleged that the only entrance from the parking garage into the building was inaccessible to persons with disabilities.  See 28 C.F.R. part 36 §4.1.2 (regarding access from parking facilities)  Therefore, Defendant MPC's motion to dismiss should be denied.

### E.    Motion to Dismiss the Negligence claim

Next, Defendant MPC argues that Plaintiff's negligence claim should be dismissed because she has failed to state a claim.

In the Commonwealth of Pennsylvania[6] in order to establish a cause of action in negligence, plaintiffs bear the burden of demonstrating that there was a duty or obligation recognized by law, breach of that duty by the defendants, a causal connection between the defendants' breach of that duty and the resulting injury, and actual loss or damage suffered by the complainants.  Corrigan v. Methodist Hosp., 2002 WL 31492261, at *7 (E.D.Pa. Nov 07, 2002).  All of the elements must be met in order for a plaintiff to recover in tort.  As an initial matter, "where there is no duty of care, there can be no negligence."  Maxwell v. Keas, 639 A.2d 1215, 1217 (Pa. Super. 1994).

Plaintiff has adequately alleged her claim here.  Plaintiff has sufficiently alleged a common law negligence claim.  Specifically, Plaintiff alleges that Defendant MPC owed her a duty (either under the ADA and/or as a business invitee) and breached that duty (by allowing allegedly deficient conditions to persist).  Further, Plaintiff has alleged that there was a causal connection between the breach and her injuries and that she suffered injuries.  While pleading these allegations is far removed from proving them, Plaintiff should be permitted to do so.

### F.     Motion to Strike

As part of its motion to dismiss, Defendant MPC has moved to strike Plaintiff's request for monetary relief under the ADA, as well as her claim for costs and attorneys fees on the negligence claim.

Under Title III of the ADA, only injunctive relief is available.  See 42 U.S.C. § 12188(a)(1).  As such, Defendant's motion to strike should be granted in this regard.

As to the Defendant's request that the demand for costs and attorneys fees on the negligence claim be stricken, Plaintiff agrees that the demand for attorneys fees should be stricken, but opposes the motion to strike the request for costs.  This Court recommends that the

---

[6] Plaintiff's negligence claim is a state law claim over which this Court has supplemental jurisdiction.  Accordingly, this Court applies principles of the laws of the Commonwealth of Pennsylvania.

motion to strike be granted as to both attorneys fees and costs.  See Kojeszewski v. Brigantine Castle and Amusement Corp., 302 Pa. Super. 500, 505, 449 A.2d 28, 30 (1982) ("the right to recover costs in litigation is, therefore, purely statutory; normally costs can be imposed only by statute, and the power to impose costs in a proceeding based on a statute must be found in the statute").

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss and motion to strike filed by Defendant Monarch Properties Corporation [Document # 6] be granted in part and denied in part.  Specifically, the motion to dismiss should be denied; the motion to strike should be granted.

Additionally, by separate Order filed this day, Plaintiff's motion to amend [Document # 10] is denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: May 22, 2006